## John W. Kuhlman, Appellant, v. Harvey J. Adkins, Appellee.

1. INSURANCE—*agency*. An insurance company by sending a policy to a party to deliver to the insured makes such party its agent to deliver the policy, and an offer by the insured to return the policy to said party is an offer to return it to the company.

2. INSURANCE—*cancellation of policy*. Where the insured tenders the policy back to the agent of the company who delivered it to him, and tells such agent that it is not what he contracted for he does all that is required of him to cancel it.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 18, 1913.

L. T. GRAHAM and ANDERSON & MATTHEWS, for appellant.

W. E. WILLIAMS and A. CLAY WILLIAMS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

John W. Kuhlman, began this suit before a justice of the peace to recover the amount of a promisory note for $21.94, dated August 25, 1908, and due on or before May 1, 1909, executed by Harvey J. Adkins, payable to the order of himself and endorsed by him. An appeal to the circuit court was taken from the judgment before the justice of the peace. A trial before a jury in the circuit court resulted in a verdict for defendant, on which judgment was rendered and plaintiff appeals.

The note was given to one Stevens for the premium on a life insurance policy. Stevens sold the note to appellant a day or two after it was executed. The defense urged against the note is failure of consideration in that it was procured by fraudulent representations of Stevens and that the maker of the note repudiated the policy as soon as he discovered the fraud and that appellant was interested with the insurance agent Stevens in the procuring appellee to take the insurance and give the note and was not an innocent purchaser. The proof shows that one Stevens, an agent of an insurance company, took the note to himself as the first payment on a policy of life insurance and endorsed it to appellant very soon after the note was executed; that Stevens had some previous acquaintance with appellant; that Stevens while soliciting insurance in that vicinity, although there were two hotels in the town, made his home at appellant's eat-

Kuhlman v. Adkins, 180 Ill. App. 611.

ing and sleeping there without charge; that appellant drove Stevens to see various parties about taking out insurance and with Stevens talked insurance to them; that Stevens made his headquarters at appellant's place of business and appellant there introduced appellee to Stevens and recommended Stevens and the insurance company that he represented and heard the representations that Stevens made to appellee as to the contract of insurance; that he said to appellee that he carried old line insurance and that the policy was a good one and no other company could give him as good a contract as the one offered by Stevens; the representations were that on a $1,000 policy at the end of twenty years the company would return the $1,000, with at least seven per cent. interest. Appellee by these representations was induced to take a $1,000 policy and gave the note sued on as the first premium. Stevens soon thereafter left the community and the policy was sent to appellant to deliver to appellee. Appellee soon thereafter on reading the policy discovered it was not what he had contracted for with Stevens. He thereupon repudiated it, and offered to return it to appellant at the same time telling him it was not what he contracted for, but appellant would not receive it.

Appellant was by the insurance company made its agent to deliver the policy to appellee and an offer to return it to him was an offer to return it to the company. There was evidence from which a jury might find that appellant was a party to the fraudulent transaction and was not a purchaser of the note in good faith. The appellee having tendered the policy back to the agent of the company who delivered it to him did all that was required of him to cancel it. The evidence sustains the judgment and it is affirmed.

*Affirmed.*